UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MERCK SHARP & DOHME CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-51-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JACK CONWAY, in his Official Capacity as Attorney General of the Commonwealth of Kentucky, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Jack Conway's motion to dismiss. [Record No. 17]  Conway, the Kentucky Attorney General ("AG") seeks dismissal of the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that Plaintiff Merck Sharp & Dohme Corporation ("Merck") does not have standing to assert the claims set out in its Complaint.  Additionally he argues that Merck's claims are not ripe for adjudication and, alternatively, that the Court should abstain from hearing the case.  The AG also moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.  For the reasons explained below, the AG's motion will be denied.

**I.    Background**[1]

---

1    A more complete discussion of the facts underlying this action is contained in the Court's Memorandum Opinion and Order denying Merck's motion for preliminary injunction. [*See* Record No. 31, pp. 1-4.]

This matter arose from Merck's marketing and distribution activities involving the prescription medication Vioxx. The AG filed suit against Merck on September 28, 2009, pursuant to the Kentucky Consumer Protection Act ("KCPA"). [Record No. 17-1, p. 2] The Complaint alleges that "Merck has willfully engaged in acts and practices which are unfair, false, misleading and/or deceptive and has committed acts or practices in trade or commerce in violation of KRS 367.170." [Record No. 28-1 ¶ 34] The requested relief includes civil penalties of "two thousand dollars ($2,000) for each violation of KRS 367.170, and ten thousand dollars ($10,000) for each violation targeted to consumers over the age of 65." [*Id.*, p. 8] Approximately one year into the action, the AG retained outside counsel to assist with the Vioxx litigation. [Record No. 17-1, p. 2] Under the contract, the outside counsel agreed to be compensated by contingency fees "to be withheld from any settlement award resulting from th[e] litigation." [Record No. 1-4, p. 3] The agreement also provides:

> The OAG retains the right at all times to direct the litigation in all respects, including but not limited to, whether and when to initiate litigation, against whom actions will be taken, the claims to be made in said litigation, approval and/or rejection of settlements and the amount and type of damages to be requested.

[*Id.*, p. 5 (emphasis omitted)]

Merck filed this action against the AG on August 16, 2011, seeking a declaratory judgment and injunctive relief. [Record No. 1] In its Complaint, Merck alleges that the AG has "delegated [his coercive powers] to private lawyers having a clear, direct and substantial financial stake in the outcome of *Commonwealth ex rel. Conway v. Merck & Co., Inc.*, a punitive enforcement action that must be prosecuted in the public interest or not at all." [*Id.* ¶ 29] As a result, Merck asserts, its "right to due process under the Fourteenth Amendment has been

infringed." [*Id.* ¶ 30] Merck filed a motion for a preliminary injunction, which the Court denied on March 21, 2012. [Record Nos. 2, 31] The AG filed the present motion to dismiss on September 14, 2011. [Record No. 17]

## II. Analysis

The AG seeks to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction, arguing that "there is no case or controversy between the parties justiciable by a federal court." [Record No. 17, p. 1] He asserts that Merck lacks standing and that the case is not ripe for adjudication. Additionally, he urges the Court to abstain from deciding the case. The AG also asks the Court to dismiss Merck's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [*Id.*] He argues that "Merck's complaint is a model of insufficiency and lacks any factual allegations supporting a plausible claim for relief." [Record No. 17-1, p. 7] The AG also maintains that the claims fail as a matter of law because the contingency fee arrangement does not violate Merck's constitutional right to due process. These arguments are without merit.

### A. Rule 12(b)(1)

If lack of subject-matter jurisdiction is raised in a motion to dismiss, the plaintiff "bears the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002). However, the plaintiff will "survive the motion to dismiss by showing 'any arguable basis in law' for the

claims set forth in the complaint." *Id.* (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).

Motions to dismiss on the basis of Rule 12(b)(1) "generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions merely the sufficiency of the pleading." *Id.* Thus, the Court must accept all the "allegations in the complaint as true" when reviewing a facial attack, and "[i]f those allegations establish federal claims, jurisdiction exists." *Id.* A factual attack, on the other hand, is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When considering a factual attack, there is no presumption of truthfulness applied to the allegations. Instead, the Court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Gentek*, 491 F.3d at 330. A challenge to the plaintiff's standing is a facial attack. *Ryo Machine Rental, LLC v. U.S. Dep't of Treasury*, No. 4:10-CV-2462, 2010 WL 5158880, at *7 (N.D. Ohio Dec. 14, 2010). Therefore, the Court must assume all the allegations in Merck's Complaint to be true. *Gentek*, 491 F.3d at 330.

The AG asserts that Merck lacks standing because it "has not pleaded and cannot establish an injury in fact that is more than just speculative, that such injury is causally traceable to the Attorney General, or that this Court can redress Merck's alleged injury."[2] [Record No.

---

2   The AG's standing argument is more detailed in his motion to dismiss. However, it suffers from the same problem the Court identified when addressing the motion for preliminary injunction: the AG bases its assertions on a fundamental misunderstanding of Merck's claims. The AG assumes that Merck objects to the possibility that there will be a judgment against it. [*See* Record No. 17-1, p. 11 ("Merck alleges injury by

17-1, p. 9] He contends that Merck's claims are not ripe for adjudication because the "outcome of the *Merck I* litigation is nowhere near certain, and any final legal outcome is too remote to serve as the basis for judicial review." [*Id.*, p. 16] The AG also maintains that the Court should abstain from hearing the case on the basis of the doctrines set forth in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), and *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The Court rejects the AG's arguments for the reasons explained in the Memorandum Opinion and Order entered on March 21, 2012. [Record No. 31, pp. 6-11] The Court has subject-matter jurisdiction, and dismissal is not required under Rule 12(b)(1).

### B.     Rule 12(b)(6)

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the Complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

---

stringing together a series of highly speculative assertions and platitudes, with a sprinkle of emphasis on certain theoretical, but by no means likely, outcomes to the litigation ongoing in *Merck I*.").] However, Merck's claimed harm is that it is "subject to a pending action in which its due-process rights are currently being violated." [Record No. 28, pp. 11-12] As explained in the Court's previous decision, this is sufficient to constitute an injury in fact.

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

Merck has pleaded sufficient factual allegations to state a plausible claim that the AG's use of contingency fee attorneys in the Vioxx litigation violates its due process right to an impartial tribunal. The Complaint alleges that the AG brought suit against Merck for violating the KCPA in marketing the prescription medication Vioxx. [Record No. 1 ¶¶ 6-8] It continues on to assert that the AG seeks the maximum civil penalties allowed by statute, [*Id.* ¶¶ 9, 11], and that the purpose of the KCPA is to "protect the public interest." [*Id.* ¶ 13 (quoting KRS § 367.120)] Therefore, it pleads facts to support a conclusion that the nature of the action and civil penalties sought establish that the action is "coercive" and penal in nature. [*Id.* ¶ 11] It also alleges that the AG has entered into a contingency fee contract with private attorneys, thereby "granting those individuals or entities a stake in the outcome" of the Vioxx litigation. [*Id.* ¶ 14; *see id.* ¶ 15] Finally, the Complaint alleges numerous facts that support Merck's contention that "the AG has allowed contingency-fee counsel to assume the lead role in prosecuting the action." [Record No. 28, p. 21; *see* Record No. 1 ¶¶ 16-18] For instance, Merck asserts that "all relevant correspondence and other communications have come from contingency-fee counsel." [Record No. 1 ¶ 18] This, in turn, supports a claim that "the contingency-fee arrangement amounts to a biasing influence" that deprives Merck of its right to an impartial tribunal. [*Id.* ¶ 22] These are not "conclusory allegations of harm." [Record No. 17-1, p. 21] Rather, the Complaint states a plausible claim that "the AG's contingency-fee outsourcing of his prosecutorial responsibilities

violates Merck's right to due process of law guaranteed by the Fourteenth Amendment." [Record No. 28, p. 6]

However, the AG argues that Merck's claim fails as a matter of law. He asserts that because he has statutory authority "to enter into 'contracts for legal services as he deems necessary and advisable,'" Merck's Complaint does not state a viable claim.[3] [Record No. 17-1, p. 22 (quoting KRS § 15.100(3))] Merck counters that its "claim does not depend in any way on whether Kentucky law authorizes the AG to engage outside counsel and to compensate that counsel on a contingency-fee basis." [Record No. 28, p. 22] The Court agrees. The fact that the AG is empowered to hire outside counsel does not necessitate a finding that the use of that power in this case was constitutional.[4] This is a classic straw man argument with no bearing on the matter at hand.

The AG contends that his use of outside counsel is constitutional because the contract "expressly preserve[s] the Attorney General's right to control the litigation." [Record No. 17-1, p. 24] He maintains that "[t]he case law is clear: state attorneys general can properly engage outside counsel pursuant to contingency fee arrangements so long as the respective attorneys general retain complete control over the litigation." [*Id.*, p. 26] This is, indeed, the general rule.

---

[3] The AG also makes much of the fact that Merck's Complaint "neglects to reference" this statutory provision. [Record No. 17-1, p. 3] He asserts that a "core contention of Merck's complaint is that the Kentucky state statute does not 'empower' the Attorney General to hire private attorneys." [Record No. 17-1, p. 2] The Complaint mentions, correctly, that KRS 367.170 "does not empower the Attorney General to outsource his enforcement authority to private lawyers hired pursuant to an ad hoc contingency-fee arrangement." [Record No. 1 ¶ 12] However, it is hardly a "core contention," and the fact that another statute does confer this power is irrelevant to Merck's overall claims.

[4] Moreover, the Court need not find the statute unconstitutional to rule in Merck's favor. [*See* Record No. 17-1, p. 23 (noting that "Merck is not challenging the constitutionality of KRS 15.100(3) facially or as-applied")]

[Record No. 31, p. 19 (explaining that if the AG expressly retains the power to control the litigation, then the "principle of neutrality need not apply to private counsel")] However, there is an exception to this rule: If there is evidence that private counsel "have ever engaged in any conduct that invaded the sphere of control" reserved to the AG's office, then the door is opened to a conclusion that the contingency fee arrangement violated the defendant's rights. *Cnty. of Santa Clara v. Superior Court*, 74 Cal. Rptr. 3d 842, 853 (Cal. Ct. App. 2008). The Court finds that Merck has pleaded sufficient facts to proceed to discovery on this issue. [*E.g.*, Record No. 1 ¶ 18 (alleging that "contingency-fee counsel have handled all appearances . . . in the multidistrict litigation.")][5] Therefore, dismissal is inappropriate at this stage in the litigation.

### III. Conclusion

The Court has subject-matter jurisdiction over this action. Furthermore, Merck has stated a claim upon which relief can be granted. Accordingly, it is hereby **ORDERED** that Defendant Commonwealth of Kentucky ex rel. Attorney General Jack Conway's Motion to Dismiss [Record No. 17] is **DENIED**.

This 23rd day of March, 2012.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

5   The Court found this allegation to be insufficient to establish that the AG has ceded control for purposes of the preliminary injunction. [Record No. 31, pp. 19-20] However, the standard for a motion to dismiss is much lower than that for a motion for preliminary injunction. To obtain a preliminary injunction, a plaintiff must present proof that is "much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Here, however, Merck must only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. It is reasonable to infer from this fact that the AG has ceded control over the Vioxx litigation.