UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

FILED ELECTRONICALLY

| | |
|---|---|
| Merck Sharp & Dohme Corp., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:11-cv-00051-DCR |
| Jack Conway, in his official capacity as ) | |
| Attorney General of the Commonwealth of ) | |
| Kentucky, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS**

Having lost his first motion to dismiss before this Court, the Kentucky Attorney General ("AG") now seeks dismissal on the supposed ground that this case is subject to *Younger* abstention, i.e., the doctrine that federal courts should refrain from interfering with ongoing state-court proceedings under certain narrow circumstances. *See Younger v. Harris*, 401 U.S. 37 (1971). The predicate for this argument is that the AG's affirmative case against Merck has now been remanded to state court, making such abstention appropriate. The motion argues that the AG did not raise *Younger* abstention in the first motion to dismiss because the AG's case was still pending in federal court, but fails to note that remand occurred more than a month before this Court ruled on the first motion.

Timing aside, the AG is wrong for several reasons: (1) this case does not pose any risk of interference with a state proceeding; (2) *Younger* does not permit abstention where, as here, the federal suit had significantly progressed before the underlying action was remanded to state court;

and (3) the state forum will not provide an adequate opportunity for Merck to raise its due-process claim.

For all of these reasons, *Younger* has no application to this case, and the AG's renewed motion to dismiss should therefore be denied.

## BACKGROUND

On September 28, 2009, the Kentucky AG sued Merck on behalf of the Commonwealth of Kentucky in the Franklin Circuit Court, alleging that Merck violated the Kentucky Consumer Protection Act ("KCPA") in marketing and distributing the FDA-approved prescription medication Vioxx. That action, *Commonwealth of Kentucky ex rel. Conway v. Merck & Co.*, was removed to federal court, and on April 15, 2010, the case was transferred to the United States District Court for the Eastern District of Louisiana as part of *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.).

In September 2010, nearly a year after the AG's case was removed to federal court, the AG entered into a contingency-fee contract with private counsel, granting the Garmer & Prather firm of Lexington, Kentucky a financial stake in the outcome of the lawsuit. Under this arrangement, Garmer & Prather has agreed to prosecute the Commonwealth's lawsuit in exchange for an unspecified percentage of any civil penalties or other amounts recovered from Merck. The arrangement also provides that contingency-fee counsel shall "[a]ssum[e] [the] lead role in investigating and . . . preparing litigation against Merck." (*See* Contract at 3 (attached as Ex. 1).)

Merck commenced this federal lawsuit against the AG under 42 U.S.C. § 1983, which authorizes civil actions against state officials for violations of federal constitutional rights, in response to the Commonwealth's retention of outside counsel, and while the Commonwealth's

affirmative action against Merck was pending before the MDL court.  The Complaint explains that the Kentucky AG has improperly delegated the coercive powers of the Commonwealth to outside lawyers who have a clear, direct and substantial financial stake in the outcome of the underlying KCPA lawsuit.  (*See* Merck Compl. ¶¶ 29-30, Dkt. No. 1.)  The Complaint further alleges that this delegation of powers has tainted the fairness of the underlying KCPA action, which in turn has deprived Merck of its fundamental right to due process under the Fourteenth Amendment.  (*Id.* ¶ 30.)  Merck seeks a declaratory judgment and injunctive relief, as well as costs and reasonable attorneys' fees.  (*Id.*, Demand For Relief.)

Both parties have actively litigated the instant suit in this Court, fully briefing motions to dismiss and for a preliminary injunction.  On January 3, 2012, the MDL court entered an order remanding the AG's case to state court.  On February 24, 2012, the U.S. Court of Appeals for the Fifth Circuit denied Merck's petition for review of that ruling.  About a month later, this Court entered two orders:  a ruling on Merck's request for a preliminary injunction (on March 21) and another on the AG's motion to dismiss based on the substantive merits of the case (on March 26).  The AG has now answered (Dkt. No. 33), and the Court has directed the parties to proceed toward discovery (Dkt. No. 34).

## ARGUMENT

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction and decide cases brought before them.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  In light of this obligation, the U.S. Supreme Court has "carefully defined" the areas in which abstention is permissible, emphasizing that abstention "remains the exception, not the rule."  *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989) (internal quotation marks and citation omitted).

Consistent with these principles, courts have recognized that *Younger* abstention is appropriate only in "carefully defined" circumstances. The "critical factor" governing the appropriateness of *Younger* abstention is "whether the federal court's intervention would unduly interfere with the legitimate activities of the state." *Ada-Cascade Watch Co. v. Cascade Res. Recovery, Inc.*, 720 F.2d 897, 902 (6th Cir. 1983) (citation omitted); *see also Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 40 (1st Cir. 2012) ("The question of whether interference exists is a threshold issue.") (citation and internal quotation marks omitted). If the "federal suit would in no way interfere with the state proceedings, there [is] no basis for abstention." *Habich v. City of Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003); *see also Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 883 (9th Cir. 2011) (even if other *Younger* criteria are met, abstention is not required unless the federal action would "unduly interfere with the state proceeding in a way that *Younger* disapproves") (citation and internal quotation marks omitted).

Once sufficient interference is established, a federal court should consider whether three additional criteria are met: (1) a state-court proceeding is – and was – pending prior to "proceedings of substance" in federal court; (2) the state-court proceeding involves an important state interest; and (3) the state-court proceeding will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims. *Habich*, 331 F.3d at 530.

As set forth below, *Younger* abstention is inappropriate here because the AG fails to satisfy three of the four requirements for such abstention. Accordingly, the motion to dismiss should be denied.

I. *YOUNGER* DOES NOT APPLY BECAUSE THE FEDERAL ACTION WOULD NOT INTERFERE WITH STATE-COURT PROCEEDINGS.

The AG's motion should first be denied because the instant suit does not pose any threat of direct interference with state-court proceedings. Simply put: the relief sought by Merck is an

4

injunction barring "the AG from pursuing his lawsuit against Merck with *contingency-fee* counsel." (Pl.'s Mot. For Prelim. Inj. at 20) (emphasis added).) Merck is *not* asking the Court to enjoin the AG from suing it at all.

The AG asserts that this federal court action would "grossly interfere" with the "Commonwealth's efforts to punish and deter conduct that its consumer protection laws are designed to protect against." (Renewed Mot. to Dismiss ("*Younger* Mot.") at 9.) But this "gross interference" is never described, apart from a single footnote contending that the AG would be hindered in "amend[ing] the fee agreement" due to "resource constraints." (*Id.* at 6 n.4.)

The AG's argument, even if accurate, does not demonstrate sufficient interference to implicate abstention. As noted above, a federal court is compelled to abstain only where federal action would "unduly interfere" with a state proceeding. *Younger*, 401 U.S. at 44. Moreover, the law is clear that undue interference only occurs when the federal action would bar the parallel state action; indeed, the Sixth Circuit has described the "typical *Younger* case" as one where the federal plaintiff seeks "to *enjoin continuation*" of the state proceedings. *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010) (emphasis added); *see also Coakley*, 671 F.3d at 42 (holding that *Younger* abstention "cannot be justified because there is no interference").

By contrast, where "neither declaratory nor injunctive relief can *directly interfere* with the ongoing state proceedings, there is no basis for *Younger* abstention." *Id.* at 46 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)) (internal quotation marks omitted, emphasis added). In *Stewart v. Abraham*, for example, a plaintiff brought a putative class action under Section 1983, challenging a controversial re-arrest policy implemented by the Commonwealth of Pennsylvania. 275 F.3d 220, 223 (3d Cir. 2001). The plaintiff had been arrested pursuant to the policy, and while he awaited the second preliminary hearing in state court, he filed a federal

lawsuit. *Id.* at 224-25. The district court declined to abstain, and the U.S. Court of Appeals for the Third Circuit affirmed. *Id.* The Court of Appeals explained that "[i]n *Younger*, the federal plaintiff requested that the District Court find unconstitutional the law under which the government was prosecuting him and thereby ***foreclose*** his prosecution." *Id.* at 225 (emphasis added). By contrast, "[i]n this case, the equitable relief requested is not aimed at state prosecutions, but at the legality of the re-arrest policy and the pretrial detention of a class of criminal defendants." *Id.* As a result, the requested relief – an injunction invalidating the re-arrest policy – "would not bar [the claimant's] prosecution." *Id.*; *see also Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (holding that *Younger* did not apply because "[t]he injunction was not directed at the state prosecutions as such, but only at the legality of the pretrial detention without a judicial hearing" and, thus, "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits").

Similarly, in *Ash v. City of Clarksville*, the district court rejected the defendant government's assertion of *Younger* abstention in a lawsuit challenging a contract between a housing authority and a police department. No. 3:03-0380, 2004 U.S. Dist. LEXIS 31245, at *7 (M.D. Tenn. Sept. 3, 2004). The contract authorized police officers to issue criminal trespass warnings to – and arrest where appropriate – any person who violated the housing authority's rules and regulations. *Id.* at *3. Plaintiff was arrested for criminal trespass pursuant to the contract, which resulted in a criminal trial. *Id.* While the criminal action was pending, the defendant commenced a civil-rights suit against the police department and housing authority in state court, alleging that the contract violated his constitutional rights under the First and Fourteenth Amendments to the U.S. Constitution. *Id.* at *3-4. After the city officials removed the action to federal court on federal-question grounds, they sought to invoke abstention under

6

*Younger*. *Id.* at *7. Although the court determined that the officials had waived any abstention defense by removing the case to federal court, it nonetheless addressed the merits of their argument.[1] *Id.* The court found that the challenge to the contract was sufficiently "collateral" to the pending criminal proceeding. *Id.* According to the court, the plaintiff was not challenging the constitutionality of the criminal-trespass statute or the pending criminal proceeding. Rather, the plaintiff was challenging the contract between the housing authority and the police department. *Id.* Because "[t]he challenge [was] to a government policy or contract" collateral to the state proceeding, the court held that *Younger* abstention was inappropriate. *Id.*

This case merits the same result. Merck's requested injunction would not foreclose the KCPA litigation against it because Merck is not seeking to interrupt or halt the state proceedings. Rather, the relief being sought would only bar the AG from using contingency-fee counsel in litigating the Commonwealth's claim against Merck. Although the AG contends that "resource constraints" prevent it from paying its outside counsel in a different manner (*Younger* Mot. at 6 n.4), there is no allegation – and no court has found – that it would be unable to proceed with its penalties action ***on its own***. Indeed, attorneys from the AG's office "litigated the case for almost one year" before employing outside counsel (*id.* at 2, 9), rendering any argument that

---

[1] Here, too, the AG has waived any argument for *Younger* abstention by "affirmatively urging the federal court to proceed to the merits of a constitutional claim." *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008); *see also Ohio Bureau of Emp't Servs. v. Hodory*, 431 U.S. 471, 480 (1977) ("If the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system."); *Am. Constitutional Law Found., Inc. v. Meyer*, No. 94-1145, 1997 U.S. App. LEXIS 12409, at *12-13 n.3 (10th Cir. May 29, 1997) ("A state may waive the *Younger* challenge to the federal court's jurisdiction by failing to raise it. . . . [T]his usually occurs when the state expressly urges the court to adjudicate the merits of the constitutional claim."). For example, in *Cradle of Liberty Council, Inc. v. City of Philadelphia*, the court found that the city's abstention argument was rendered moot when it voluntarily submitted itself to the federal forum during the course of litigation. No. 08-2429, 2009 U.S. Dist. LEXIS 107932, at *10-12 (E.D. Pa. Nov. 18, 2009). Specifically, the city had filed its motion to dismiss for failure to state a claim – a motion on the "substance of [plaintiff's] federal claims" that demonstrated the city's "pursuit of th[e] case in a federal forum." *Id.* Because the city "had actively litigated the substance of its case" in federal court, the court concluded that the city "[could] not now seek to reverse course, having waived its right to argue abstention." *Id.* The same reasoning applies here, as the AG similarly filed a motion to dismiss on the substance of Merck's constitutional claim and has taken steps demonstrating that it is "more than a mere participant in the action before this Court." *Id.*

invalidating the fee arrangement would "grossly interfere with the state consumer protection case" all the more unpersuasive. Because Merck's suit challenges "a government . . . contract," *Ash*, 2004 U.S. Dist. LEXIS 31245, at *7, as opposed to the propriety of the underlying KCPA action, *Younger* abstention does not apply.[2]

## II. *YOUNGER* ABSTENTION IS INAPPLICABLE BECAUSE "PROCEEDINGS OF SUBSTANCE" TOOK PLACE IN THIS COURT BEFORE THE UNDERLYING ACTION WAS REMANDED.

The AG's renewed motion to dismiss also lacks merit because *Younger* only applies when a federal action interferes with an already ***pending*** state-court proceeding. Here, Merck's federal suit was filed before the AG's case was proceeding in state court; indeed, it had produced rulings on two significant and substantive motions before the *Younger* issue was even raised. Accordingly, *Younger* does not apply.

Anticipating this argument, the AG contends that what matters for purposes of *Younger* abstention is the existence of "parallel . . . litigation" "*at this present moment*." (*See Younger* Mot. at 5-6 & n.3.) In other words, the AG advances the position that *Younger* abstention is "appropriate" any time two parties are "engaged in parallel . . . litigation at the [federal and] state level," regardless of which came first. (*Id.*) The AG also argues that any other conclusion would improperly reward Merck for its alleged "jurisdictional gamesmanship" in removing the AG's action to federal court in the first place. (*Id.* at 6 n.3.) None of this is correct.

***First***, the AG is wrong that it does not matter whether this suit was commenced in federal court before a state-court proceeding was pending. Rather, *Younger* abstention applies only

---

[2] In any event, the mere fact that the federal action could "affect" or "practical[ly]" end the state-court action is not sufficient to invoke *Younger*; rather, the interference must be direct. *See New Orleans Pub. Serv., Inc.*, 491 U.S. at 373 ("It is true, of course, that the federal court's disposition of such a case may well affect, or for practical purposes pre-empt, a future – or, as in the present circumstances, even a pending – state-court action. But there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts.").

8

when "state criminal proceedings [have been initiated] before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("Absent any pending proceeding in state tribunals . . . application by the lower courts of *Younger* abstention was clearly erroneous."). In the Sixth Circuit, "the initial frame of reference for abstention purposes [is] determined at the time that the federal complaint is filed, or at the very latest, at the time a hearing is held on the merits in federal court." *Zalman v. Armstrong*, 802 F.2d 199, 203 (6th Cir. 1986); *see also Arowood v. Newman*, No. 3:09-CV-95, 2010 U.S. Dist. LEXIS 96827, at *9 (E.D. Tenn. Sept. 15, 2010) ("The relevant time period for assessing the [pending in state court] element is when the federal complaint was filed.").

Here, there is no question that Merck's suit against the AG commenced in federal court long before the AG suit was remanded to state court. Indeed, the AG recognizes as much, explaining that it "must concede that the *Merck I* case was not *literally* pending in state court at the time this action was filed in this Court." (*Younger* Mot. at 6 n.3.) More than this, the federal suit had resolved a motion for a preliminary injunction and a motion to dismiss before the AG raised the issue of a parallel state proceeding.[3] Accordingly, abstention is not appropriate.

***Second***, the AG's accusation of jurisdictional gamesmanship is irrelevant and misplaced. Regardless of the AG's policy views, removal terminates state-court proceedings for the

---

[3] As noted in the text, *Younger* may still apply to a federal proceeding filed before a state-court proceeding if the federal court has not addressed the merits of the case. *Zalman*, 802 F.2d at 204-05. Once the governmental party has "begun actively litigating its position in federal court," however, it is too late to say that federal proceedings on the merits have not commenced. *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217-1218 (11th Cir. 2002). That is clearly the case here; indeed, as noted above, the parties had fully briefed a dispositive motion and a motion for a preliminary injunction prior to remand, and the AG has filed an answer. *See id.* (noting that the governmental party had answered and moved to dismiss the complaint before raising *Younger* abstention). It was only after this Court denied the AG's initial motion to dismiss, which focused largely on the merits of Merck's claims, that the AG sought abstention under *Younger*. The AG cannot have it both ways: he may not actively litigate in a federal court, only to decry the federal forum as violating principles of federalism and comity after an unfavorable, dispositive ruling on the merits.

9

purposes of a *Younger* analysis. *See, e.g.*, *Turner v. Bank of Am. Home Loans*, No. 2:11-CV-465 JCM (LRL), 2011 U.S. Dist. LEXIS 68298, at *5-6 (D. Nev. June 24, 2011) (*Younger* inapplicable where "the plaintiffs themselves do not have any ongoing state-initiated proceedings because the state court proceedings were terminated once they were removed"); *Rawak-German v. Countrywide Bank*, No. 09cv2385 WQH (WMC), 2010 U.S. Dist. LEXIS 13088, at *4-5 (S.D. Cal. Feb. 16, 2010) ("When the case was removed, the state court proceedings were terminated, so there is no reason to abstain pursuant to *Younger* or *Colorado River*.").[4]  Accordingly, for purposes of *Younger*, no state-court action was pending when Merck filed its complaint in federal court.

Even if policy considerations played a role in analyzing the *Younger* criteria, such considerations would not help the AG's cause.  For one thing, Merck removed the case before the AG retained outside counsel; thus, it makes no sense to suggest that removal was a ruse to eliminate a *Younger* problem for the instant suit. (*Younger* Mot. at 6 n.3.)  Rather, as noted above, if any gamesmanship is present, it is on the part of the AG, who waited for this Court's disposition of his first motion to dismiss before raising the *Younger* issue.  Only after that order issued did the AG raise *Younger* abstention, even though he knew that the case was headed back to state court at least a month earlier, when the Fifth Circuit denied Merck's petition for review of the MDL court's remand order.

More importantly, however, none of the policy concerns that form the basis of the *Younger* doctrine are implicated here.  This is not a case, like those on which the AG relies, in

---

[4]  Plaintiff's lone case, *Marathon Petroleum Co. LLC v. Stumbo*, 528 F. Supp. 2d 639, 645 (E.D. Ky. 2007), reinforces rather than undermines this precedent.  There, as the AG recognizes, "the state action was pending at the time Marathon filed its federal complaint." (*Younger* Mot. at 6 n.3.)  Only later was it removed to federal court and then returned.  The federal court abstained on *Younger* grounds, holding that a state-court proceeding was pending "at the time that [the federal] action was filed." 528 F. Supp. 2d at 645.

which Merck has brought a federal suit in an attempt "to annul the results of a state trial," as in *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (cited in *Younger* Mot., *passim*).  Nor is it a case that would force the state to engage in "duplicative litigation" or have any chance of posing a "negative reflection on the State's ability to adjudicate federal claims," as in *Trainor v. Hernandez*, 431 U.S. 434 (1977) (cited in *Younger* Mot. at 7-8, 10).  To the contrary, there was no state proceeding pending when Merck brought its suit in federal court.  For these reasons too, the AG's renewed motion to dismiss should be denied.

### III. *YOUNGER* DOES NOT APPLY BECAUSE MERCK WOULD NOT HAVE AN ADEQUATE OPPORTUNITY TO RAISE ITS CONSTITUTIONAL CLAIMS IN THE STATE-COURT PROCEEDING.

The AG's renewed motion to dismiss should also be denied because the final element of *Younger* – whether the federal plaintiff has an adequate opportunity to raise its constitutional claims – is not satisfied either.  The AG urges this Court to "assume" that Kentucky state courts afford Merck an adequate remedy for its due-process claims.  (*Younger* Mot. at 10.)  But such an assumption would be wrong.

Contrary to the AG's argument, whether Merck has an "adequate opportunity to raise [its] constitutional claims" in state proceedings does not turn on whether Merck could "present its federal claims in the [state] proceedings" by filing a new complaint alleging those claims. (*See id.* (internal quotation marks and citation omitted).)  Rather, "[u]nless the issue in the plaintiff's federal suit would be resolved by the case-in-chief or as an affirmative defense to the state court proceedings that exist, it cannot be said that the state proceedings afford the federal plaintiff an adequate opportunity to have his or her claim heard for *Younger* purposes." *Habich*, 331 F.3d at 532.

In *Habich*, for example, the plaintiff alleged in federal court that the City had violated her due-process rights when it padlocked her home without a hearing.  331 F.3d at 527.  In a separate

11

state administrative hearing, the City argued that it could inspect the plaintiff's home pursuant to local regulations. *Id.* at 529. The district court dismissed the plaintiff's due-process suit based on *Younger* abstention, holding that "the relief that [the plaintiff sought] could [be] obtain[ed] in the state court." *Id.* The Sixth Circuit reversed, finding that the "federal constitutional claims that [plaintiff] brought in her § 1983 suit were . . . 'collateral' to the state proceedings" – that is, the issues in her federal suit "could neither be proven as part of the state case-in-chief nor raised as an affirmative defense." *Id*. at 531. Any contrary rule, the court reasoned, would "extend *Younger* abstention far beyond its purpose of preventing federal intervention in state judicial processes," making such abstention "almost always" appropriate because there are "few situations in which a federal plaintiff would not be able to file the federal suit in state court." *Id.* at 531-31 (internal quotation marks and citation omitted). Thus, because there was no opportunity for review of the federal claims in the state proceeding in the manner required by *Younger*, the court held that *Younger* abstention was inappropriate. *Id.* at 532; *see also Gerstein*, 420 U.S. at 108 n.9 (refusing to apply *Younger* abstention to a federal suit that raised an issue that "could not be raised in defense of the criminal prosecution").

The same reasoning applies here. Just as in *Habich*, Merck would likely be required to "file a complaint" in state court and then "move to consolidate that new case with [the] already-filed" state proceeding. *Habich*, 331 F.3d at 532. That is plainly not the "opportunity" for review required by *Younger*, and for this additional reason, abstention is inappropriate.

## CONCLUSION

For the foregoing reasons, the Attorney General's renewed motion to dismiss should be denied. An Order denying the motion is tendered with this response.

Respectfully submitted,

s/SUSAN J. POPE
SUSAN J. POPE
WINSTON E. MILLER
FROST BROWN TODD LLC
250 W. Main Street, Suite 2800
Lexington, KY 40507-1749
(859) 231-0000

and

JOHN H. BEISNER
JESSICA DAVIDSON MILLER
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7000

*Counsel for Plaintiff*

## , **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Susan J. Pope
*Counsel for the Plaintiff*

LEXLibrary 0106603.0570801   509405v1