UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MERCK SHARP & DOHME CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-51-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JACK CONWAY, in his Official Capacity | ) | **MEMORANDUM OPINION** |
| as Attorney General of the Commonwealth | ) | **AND ORDER** |
| of Kentucky, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Jack Conway's renewed motion

to dismiss.  [Record No. 36]  Conway, the Kentucky Attorney General ("AG"), seeks dismissal

of Plaintiff Merck Sharp & Dohme Corporation's ("Merck") complaint on abstention grounds.

For the reasons explained below, the AG's motion will be denied.

I.      **Background**[1]

The matter underlying this action arose from Merck's marketing and distribution of the

prescription medication Vioxx.[2]  The AG filed suit against Merck in the Franklin County Circuit

Court on September 28, 2009, alleging a violation of the Kentucky Consumer Protection Act

("KCPA").  [Record No. 2-1, p. 7]  The complaint alleges that "Merck has willfully engaged in

---

1       A more complete discussion of the relevant facts is contained in the Memorandum Opinion and
Order denying Merck's motion for preliminary injunction.  [Record No. 31, pp. 1-4]

2       For the purposes of this opinion, the Court will refer to this underlying action as *Merck I.*

acts and practices which are unfair, false, misleading and/or deceptive and has committed acts or practices in trade or commerce in violation of [the KCPA]."  [Record No. 2-2 ¶ 34]  Merck removed the case to federal court on October 30, 2009.  [Civil Action No. 3: 09-54, Record No. 1]  The action was then transferred to the Eastern District of Louisiana on April 15, 2010, as part of the multidistrict litigation ("MDL") proceeding captioned: *In re Vioxx Product Liability Litigation*, MDL No. 1657.  [Civil Action No. 3: 09-54, Record No. 15]  On January 3, 2012, the District Court for the Eastern District of Louisiana granted the AG's motion to remand, concluding that the case was improperly removed from state court.  *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2012 WL 10552, at *14 (E.D. La. Jan. 3, 2012).  Merck sought permission to appeal the decision but the Fifth Circuit denied the motion on February 24, 2012.  *See In Re: Vioxx Prods. Liab.*, No. 12-90002 (5th Cir. 2012).  On March 20, 2012, the District Court for the Eastern District of Louisiana remanded the case to the Franklin County Circuit Court.

Approximately one year into the *Merck I* proceeding, the AG retained outside counsel to assist with the Vioxx litigation.  [Record No. 17-1, p. 2]  Under the contract executed on September 30, 2010, private counsel agreed to be compensated by a contingency fee "to be withheld from any settlement award resulting from th[e] litigation."  [Record No. 1-4, p. 3]  The agreement also provides that the AG "retains the right at all times to direct the litigation in all respects."  [*Id.*, p. 5 (emphasis omitted)]

Merck filed suit against the AG in federal court on August 16, 2011, seeking a declaratory judgment and injunctive relief.[3]  [Record No. 1]  In its complaint, Merck alleges that the AG has "delegated [his coercive powers] to private lawyers having a clear, direct and substantial financial stake in the outcome of *Commonwealth ex rel. Conway v. Merck & Co., Inc.*, a punitive enforcement action that must be prosecuted in the public interest or not at all."  [*Id.* ¶ 29]  As a result, Merck asserts, its "right to due process under the Fourteenth Amendment has been infringed."  [*Id.* ¶ 30]  Merck filed a motion for a preliminary injunction, which the Court denied on March 21, 2012.  [Record Nos. 2, 31]  The Court also denied the AG's initial motion to dismiss on March 23, 2012.  [Record No. 32]  Due to the change in the procedural posture of *Merck II* after *Merck I* was remanded to Franklin Circuit Court, the AG sought leave to file a renewed motion to dismiss, which the Court granted.  [Record No. 44]

## II.    Legal Analysis

The AG argues in his renewed motion to dismiss that the Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine.  He asserts that the Court's adjudication of this matter would interfere with the pending state proceeding "in which the Attorney General is advancing the interests of the sovereign Commonwealth."  [Record No. 36-1, p. 2]  Additionally, he maintains that abstention is proper because the Franklin Circuit Court is a "viable forum" for Merck to raise the constitutional claims asserted in *Merck II*.  [*Id.*]  Merck disputes this point and also contends that the federal action does not pose a risk of interfering with the pending state proceeding.  Additionally, Merck contends that this federal case has

---

3       For the purposes of this opinion, the Court will refer to the federal action as *Merck II*.

"significantly progressed" to the point where *Younger* abstention would be inappropriate. [Record No. 40, p. 1]

The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), provides that when a state proceeding is pending, principles of federalism dictate that any federal constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). If a federal district court concludes that its resolution of the case before it would "directly interfere with ongoing state proceedings," then it must determine whether to abstain from hearing the case altogether. *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 45 (1st Cir. 2012) (internal quotation marks omitted). The following requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

### A.    Interference

The threshold issue in any *Younger* analysis is the "question of whether 'interference' exists." *Coakley*, 671 F.3d at 40. "'In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings.'" *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010) (quoting *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984)). Thus, if the "plaintiffs are not

attempting to use the federal courts to shield them from state court enforcement efforts," there is no basis for *Younger* abstention.  *Id.* at 895 (internal quotations omitted).

Merck asserts that it is "not asking the Court to enjoin the AG from suing it." [Record No. 40, p. 5 (emphasis omitted)]  Instead, it maintains that it seeks an "injunction barring the AG from pursuing his lawsuit against Merck with contingency-fee counsel." [*Id.* (internal quotation marks omitted)]  The AG argues that such an injunction would unduly interfere with the state proceeding because it would be "tantamount to forcing the Attorney General not to use outside counsel at all," due to the limited resources of the AG's office.  [Record No. 45, p. 3]

The Court need not decide whether enjoining the use of contingency-fee counsel would interfere with the state court action to the extent that *Younger* abstention would be appropriate because Merck has expressly requested the type of relief contemplated in *Younger* itself.  *See* 401 U.S. at 39 (explaining that the federal plaintiff filed a complaint "asking [the district] court to enjoin the . . . District Attorney of Los Angeles County[] from prosecuting him").  In its Complaint, Merck demands that "the defendant be enjoined or otherwise restrained from violating Merck's right to due process under the Fourteenth Amendment through an injunction banning further prosecution of [*Merck I*] and barring counsel from participating in [that] action on defendant's behalf."[4]  [Record No. 1, p. 7]  On its face, therefore, the Complaint requests the Court to enjoin the AG's civil enforcement action.

_____

4       This prayer for relief is equivocal because it seeks both the complete cessation of the *Merck I* proceedings as well as an injunction against the use of outside, contingency-fee attorneys to pursue that action.  Most likely, these were intended to be alternate forms of relief.

-5-

If the Court were to grant the injunction sought by Merck, it would halt the state court action. This would, by definition, "unduly interfere" with the state proceeding.[5] *Younger*, 401 U.S. at 44. Therefore, this case implicates the *Younger* abstention doctrine, and the Court must determine if abstention is warranted by applying the *Middlesex* test.[6] *See Middlesex*, 457 U.S. at 432. To that end, the Court must first determine if the underlying action in *Merck I* implicates important state interests. Then, it will consider whether Merck has an adequate opportunity to raise its constitutional challenges to the AG's retention of contingency-fee attorneys in that state action. Finally, the Court will address whether the state judicial proceeding qualifies as "ongoing" for *Younger* purposes.

## B.   Important State Interests

Although the *Younger* Court dealt specifically with the issue of federal court interference with ongoing state criminal proceedings, the doctrine has been expanded to apply to most civil litigation in which the state itself is a party. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 (1975) (holding that *Younger* abstention applies in federal action challenging state civil nuisance proceeding). Here, the Commonwealth of Kentucky is a party to the action. Moreover, because the state proceeding at issue in this case is a civil prosecution under the KCPA, it involves an important state interest. *Marathon Petroleum Co. v. Stumbo*, 528 F. Supp. 2d 639, 645 (E.D. Ky.

---

5       The fact that Merck also requested a lesser form of relief — *i.e.*, an injunction barring contingency-fee counsel from litigating *Merck I* on the AG's behalf — is not relevant because the fact remains that, if the Court were to grant the full relief requested by Merck, it would enjoin the state proceeding and therefore unduly interfere with that action.

6       The Court will address the three prongs of the *Middlesex* test out of order, discussing the second and third prongs before analyzing the first.

2007) ("Courts have recognized in the *Younger* analysis that states have a strong interest in protecting consumers and in administering their consumer protection statutes."). Thus, the Court concludes that this prong of *Younger* has been met.

### C.    Opportunity to Raise Constitutional Claims

The next "inquiry is whether the state proceedings afford [Merck] an adequate opportunity to raise [its] constitutional claims." *Moore v. Sims*, 442 U.S. 415, 430 (1979). The "burden on this point rests on the federal plaintiff to show 'that state procedural law bar[s] presentation of [its] claims.'" *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore*, 442 U.S. at 432). The AG maintains that "the Franklin Circuit Court's procedures, and the Kentucky Civil Rules, afford an adequate remedy for Merck." [Record No. 36-1, p. 10] The Court agrees with the AG that the Kentucky courts are capable of addressing constitutional claims. However, the question is not whether the Kentucky courts are generally able to hear such claims, but "whether the federal plaintiffs have an 'opportunity to raise their claim in the state proceedings.'" *Habich v. City of Dearborn*, 331 F.3d 524, 531 (6th Cir. 2003) (quoting *J.P. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981)). In other words, the Court must determine whether Merck would be permitted to raise its constitutional claims during the underlying state court action.

Merck argues that the claims raised in this action could not be asserted in *Merck I* because they are collateral to that proceeding. Collateral issues are those that "could neither be proven as part of the state case-in-chief nor raised as an affirmative defense." *Id.* If a constitutional claim would be "collateral" to the state proceeding, then there is no opportunity to raise that

-7-

issue in the state forum. *Id.* Thus, if Merck's constitutional claims are collateral to the issues being litigated in *Merck I*, the Court should not abstain under *Younger*.

Merck contends that its constitutional claims could not be heard by the Franklin Circuit Court without first filing a new complaint and then moving to consolidate that action with *Merck I*. The AG counters that Merck's "claims can easily be raised in the state case-in-chief as a Motion to Disqualify Counsel." [Record No. 45, p. 17] Although it is debatable whether Merck's claims fall within the "collateral issue" exception created by *Habich*,[7] the Court need not answer that question because Merck has failed to carry its burden on this issue. In its response, Merck neither cites Kentucky state procedural rules nor otherwise provides support for its assertions that the *Merck I* court could not entertain its constitutional claims. And the Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Marathon*, 528 F. Supp. 2d at 646. In short, Merck has failed to demonstrate that the state court lacks a procedure by which Merck could raise the claims asserted in its federal complaint.

### D.    Ongoing State Proceeding

The last remaining prong of the *Middlesex* test is whether the state court action in *Merck I* constitutes an "ongoing state judicial proceeding." 457 U.S. at 432. Merck contends that the

---

7       It is not clear that Merck's ability to raise its constitutional claims in a motion to disqualify counsel would constitute resolution of those claims as part of the case-in-chief. The case cited by the AG, *University of Louisville v. Shake*, 5 S.W.3d 107 (Ky. 1999), concerns a motion to disqualify an attorney for unethical conduct that resulted in prejudice to the opposing party. *Id.* at 110. Under *Shake*, proof of a constitutional violation is not required for the disqualification of an opposing attorney. Moreover, neither *Shake* nor its predecessor, *Shoney's, Inc. v. Lewis*, 875 S.W.2d 514 (Ky. 1994), discusses the procedure by which a defendant in a civil enforcement action may seek disqualification of an opposing attorney for alleged due process violations created by the mere fact of that attorney's involvement in the case.

Court must abstain under *Younger* only if it concludes that the underlying state court proceeding was already pending when Merck filed suit in federal court.  It thus asserts that, because the removal to federal court occurred before Merck sought injunctive relief from this Court, the AG has failed to make out the "ongoing state proceeding" prong required for *Younger* abstention. The AG, on the other hand, maintains that the Court should abstain because "at this present moment, the Attorney General is litigating against Merck in a state forum." [Record No. 36-1, p. 6 n.3]

The true nature of the "ongoing state proceeding" requirement lies somewhere between the parties' two positions: this prong is met if (1) the state proceeding was initiated before the federal litigation, or (2) "state [] proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court."  *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).  Thus, the Court must consider the timing of the two pending actions to determine whether this prong of the *Middlesex* test has been established.

The AG concedes that *Merck I* was not "*literally* pending in state court at the time this action was filed in this Court."[8]  [Record No. 36-1, p. 6 n.3] The removal of an action terminates the state court's jurisdiction over a case.  *Schliewe v. Toro*, 138 F. App'x 715, 720 (6th Cir.

_____

8       The AG argues that refusing to abstain on the grounds of such a technicality would allow Merck to "gain the benefit of . . . jurisdictional gamesmanship." [Record No. 36-1, p. 6 n.3]  He contends that such an outcome would allow defendants to "manipulate *Younger* abstention by improperly removing an original state court action and then filing a federal court constitutional claim against the plaintiff." [*Id.*]  Yet, as Merck points out, *Merck I* was removed before the retention of outside counsel by the AG.  Therefore, the Court accepts Merck's assertion that its removal of *Merck I* was not a "ruse to eliminate a *Younger* problem" in *Merck II*. [Record No. 40, p. 10]

2005).  Therefore, Merck is correct in its assertion that "no state-court action was pending when Merck filed its complaint in federal court."[9]   [Record No. 40, p. 10]  However, *Merck I* was remanded to the Franklin County Circuit Court on March 20, 2012.  Thus, for the purposes of this inquiry, the state court proceeding was pending on that date.

As a general rule, the "proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed."  *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986).  However, there is an exception to this rule.  In *Hicks*, the Supreme Court held that a district court may abstain even if the federal suit was filed before the state court proceeding, as long as the state proceeding is commenced "before any proceedings of substance on the merits" take place in the federal action.  422 U.S. at 349 (finding abstention appropriate where federal plaintiffs were charged in state court "on the day following completion of service of the [federal] complaint").  In other words, if the state court proceeding is not pending at the time the federal complaint is filed, *Younger* abstention may still be appropriate, but only if the federal action is "in an embryonic stage and no contested matter ha[s] been decided."  *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975) (finding state court proceeding ongoing where criminal summonses were issued in state court "on the days immediately following the filing of the federal complaint").

---

9       The Court declines the AG's invitation to rely on dictum from the First Circuit in determining the date on which *Merck I* was pending.  [*See* Record No. 45, p. 10 (citing *Shannon v. Telco Commc'ns, Inc.*, 824 F.2d 150, 151 (1st Cir. 1987)) (noting that, where underlying state case was remanded for lack of subject matter jurisdiction, "the district court should (arguably) have abstained from hearing [the] federal declaratory judgment action in deference to the (properly pending) state action")]

-10-

Unfortunately, "the contours of what defines a proceeding of substance have yet to be established by the Supreme Court or the Sixth Circuit." *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 971 (S.D. Ohio 2010).  The AG asserts that no "proceedings of substance" took place in *Merck II* before the *Merck I* litigation was pending in state court.  He supports this contention by pointing out that this Court issued opinions on the motion for preliminary injunction and the motion to dismiss on March 21, 2012 and March 23, 2012, respectively — days after *Merck I* was remanded to state court.[10]  Merck, on the other hand, asserts that substantial proceedings had taken place prior to March 20, 2012, because the AG had filed an answer and "the parties had fully briefed a dispositive motion and a motion for a preliminary injunction."  [Record No. 40, p. 9]  Merck cites *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209 (11th Cir. 2002), for the proposition that the AG's active litigation in federal court — through the filing of answers, motions to dismiss, and motions for summary judgment — is sufficient to establish that proceedings of substance have taken place.[11]  *See id.* at 1219.

Based on the extensive development of this federal action before the remand of *Merck I* on March 20, 2012, it certainly appears that the AG has engaged in active litigation in this federal forum.  *Cf. Cradle of Liberty Council, Inc. v. City of Philadelphia*, No. 08-2429, 2009

---

10     The parties did not file a notice in the record of this case advising the Court that the order remanding *Merck I* had been entered by the District Court for the Eastern District of Louisiana.  Additionally, the Court notes that although the remand order was entered on March 20, 2012, it is possible that the case was not reopened in the Franklin County Circuit Court until a later date.

11     The Eleventh Circuit reasoned that "if we define too narrowly what constitutes proceedings of substance on the merits, we risk vesting the district attorney — not the aggrieved citizen — with the power to choose the forum, and, indeed, the nature of the proceeding in which the federal constitutional claim [will] be litigated."  281 F.3d at 1219 (internal quotation marks omitted).

WL 3921140, at *4 (E.D. Pa. Nov. 18, 2009) ("While not dispositive, the filing of a Motion to Dismiss on the substance of [the plaintiff's] federal claims demonstrates the [defendant's] pursuit of this case in a federal forum."). On the other hand, it is true that the Court did not enter an opinion on the merits of the case until one day after *Merck I* was remanded to state court.[12] However, while the Court agrees with the AG that there is "no room to debate the chronology of events," [Record No. 45, p. 9], that chronology is not dispositive in deciding whether the first prong has been met.

Neither *Hicks* nor *Doran* requires such strict adherence to the federal action's timeline that the Court must abstain based only on a one-day (or even three-day) lapse of time between the filing of a state action and a federal court's ruling on a substantial matter. In fact, those cases expressly sought to avoid such a formalistic approach to the *Younger* abstention analysis. The rule announced in *Hicks* and *Doran* should not be applied in so rigid a fashion that it would encourage gamesmanship on the part of the federal defendant. Thus, the Court will use a common sense approach to this prong of the *Middlesex* test.

Here, several factors weigh in favor of a conclusion that proceedings of substance had taken place in this Court before *Merck I* was pending in state court: (1) the federal action had been pending for over seven months when the state court proceeding was remanded on March

---

12    The AG contends that these rulings were "not substantive or on the merits." [Record No. 45, p. 10 n.7] He asserts that for proceedings of substance to occur, they must be of "such heft" as the filing of a motion for summary judgment or a "thorough evidentiary hearing." [*Id.*, p. 13] However, the case that he cites for this assertion — *For Your Eyes Alone, Inc.* — contains no such holding. Rather, the Eleventh Circuit simply found that, where such events had occurred, it had "no trouble concluding" that proceedings of substance had taken place. 281 F.3d at 1218. The fact that a motion for summary judgment clearly constitutes a substantial development does not mean that a motion to dismiss or a ruling on a motion for preliminary injunction *cannot* qualify as such.

20, 2012; (2) on the date of the remand, there were two important motions that were fully briefed and ripe for adjudication; and (3) the Court held a scheduling conference on October 6, 2011, during which the parties advised the Court about their positions on those two motions.  Based on these facts, the Court concludes that the federal action, *Merck II*, was well beyond an "embryonic stage" by the time the state action was pending.  *Doran*, 422 U.S. at 929.  The fact that the Court's actual opinions on the motion for preliminary injunction and motion to dismiss were entered a few days after the state court proceeding was remanded — meaning, of course, that the Court had spent considerable time on those opinions prior to the date *Merck I* was remanded to Franklin Circuit Court — does not defeat this conclusion.  Because the state proceeding in *Merck I* was not "ongoing," abstention is not appropriate under the principles of *Younger*.

### III.    Conclusion

Abstention is not required under *Younger v. Harris*, 401 U.S. 37 (1971).  Accordingly, it is hereby

**ORDERED** that Defendant Commonwealth of Kentucky ex rel. Attorney General Jack Conway's Renewed Motion to Dismiss [Record No. 36] is **DENIED**.

This 19th day of December, 2012.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

-13-