

# Commonwealth of Kentucky

# CONTRACT

**IMPORTANT**
Show Doc ID number on all packages, invoices and correspondence.

| | |
|---|---|
| Doc Description: | assist w/investigation of pharmaceutical co. G&P FY13-14 |
| Doc ID No:PON2 040 1200003610 1 | Procurement Folder: 2547404 |
| Procurement Type: | Personal Service Contract |
| Administered By: Bonnie Howell | Cited Authority: FAP111-43-00-L |
| Telephone: 502-696-5621 | Issued By: Bonnie Howell |

Garmer & Prather, PLLC

141 North Broadway

Lexington      KY   40501
US

| Line | GL Description | Due Date | Quantity | Unit | Unit Price | Contract Amt | Total Price |
|---|---|---|---|---|---|---|---|
| 1 | Legal Services- Pharmaceutical Companies | | 0.00 | | 0.00000 | 0.01 | 0.01 |

**Extended Description**

The Office of the Attorney General sought proposals for legal services to assist with investigation and potential litigation involving Merck & Co. Inc., manufacturer of the pharmaceutical drug Vioxx and any other potentially liable parties. This includes any party involved in the manufacture, marketing, promotion and sale of the pharmaceutical drug Vioxx (Rofecoxib). The contract includes but is not limited to, assistance related to the Office of the Attorney Generals investigation concerning Vioxx and determination whether the manufacturer and/or related entities have engaged in fraudulent, unfair, false, misleading or deceptive acts and practices that have caused injury to the Kentucky Medicaid program, Kentucky Medicare Part B beneficiaries and Kentucky consumers. The investigation includes, but is not limited to, whether the aforementioned entities improperly marketed the drug Vioxx in such a manner as to induce medical practitioners to prescribe Vioxx despite the fact that Vioxx presented substantial risk of adverse side effects upon patients taking same. In addition, the investigation involves the alleged failure of the manufacturer and potentially other entities to warn of the substantial risk of serious medical side effects to which patients taking Vioxx would be exposed including, but not limited to, heart attacks, stroke and blood clots. Based on the alleged unlawful conduct, the Commonwealth and Kentucky consumers have paid millions of dollars for a medication creating a significant medical risk and/or injury for patients receiving same, all in violation of state consumer protection statutes, state Medicaid fraud statutes and common law requirements. .

This original contract, PON2 040 1100000729, was awarded on the basis of background and experience and the contingency fees and percentages proposed by the firm to be withheld from any settlement award resulting from this litigation. The Office of the Attorney General has specific authority under HB1 to contract with attorneys on a contingency basis.This current contract is a continuation of the one awarded in FY11

421793
OFFICE OF THE ATTORNEY GENERAL
700 CAPITAL AVENUE
ROOM 34, CAPITAL BUILDING
FRANKFORT      KY   40601
US

| Total Order Amount | 0.01 |
|---|---|

| Total Order Amount | 0.01 |
|---|---|

PERSONAL SERVICE CONTRACT FOR

Legal Services Regarding Various Pharmaceutical Manufacturers
BETWEEN

THE COMMONWEALTH OF KENTUCKY

Office of the Attorney General
AND

Garmer and Prather, LLC 141 North Broadway, Lexington, Kentucky 40501

This Personal Service Contract (PSC) is entered into, by and between the Commonwealth of Kentucky, Office of the Attorney General ("the Commonwealth") and Garmer and Prather, LLC 141 North Broadway, Lexington, Kentucky 40501 to establish a Contract for Legal Services Regarding Various Pharmaceutical Manufacturers This PSC is effective July 1, 2012 and expires June 30, 2014.

The Commonwealth and Contractor agree to the following:

## I. Scope of Contract

The Kentucky Office of the Attorney General ("OAG") seeks proposals for legal services to assist the OAG with investigation and potential litigation involving **Merck & Co. Inc.**, manufacturer of the pharmaceutical drug Vioxx and any other potentially liable parties. This includes any party involved in the manufacture, marketing, promotion and sale of the pharmaceutical drug Vioxx (Rofecoxib). The RFP includes but is not limited to, assistance related to the OAG's investigation concerning Vioxx and determination whether the manufacturer and/or related entities have engaged in fraudulent, unfair, false, misleading or deceptive acts and practices that have caused injury to the Kentucky Medicaid program, Kentucky Medicare Part B beneficiaries and Kentucky consumers. The investigation includes, but is not limited to, whether the aforementioned entities improperly marketed the drug Vioxx in such a manner as to induce medical practitioners to prescribe Vioxx despite the fact that Vioxx presented substantial risk of adverse side effects upon patients taking same. In addition, the investigation involves the alleged failure of the manufacturer and potentially other entities to warn of the substantial risk of serious medical side effects to which patients taking Vioxx would be exposed including, but not limited to, heart attacks, stroke and blood clots. Based on the alleged unlawful conduct, the Commonwealth and Kentucky consumers have paid millions of dollars for a medication creating a significant medical risk and/or injury for patients receiving same, all in violation of state consumer protection statutes, state Medicaid fraud statutes and common law requirements.

Contractor shall provide legal services, advice, and consultation as co-counsel with the Attorney General to the Attorney General for this litigation in a manner consistent with accepted standards of practice in the legal profession.

The Attorney General shall have final authority over all aspects of this litigation, including the course and conduct of the case, as well as total control over all discretionary decisions. The litigation may be commenced, conducted, settled, approved, and ended only with the express approval and signature of the Attorney General. The Attorney General at his sole discretion has the right to appoint a designated assistant ("designated assistant") to oversee the litigation, which appointment the Attorney General may modify at will.

Contractor shall provide legal services to the Attorney General subject to the approval of the Attorney General for the purposes of seeking injunctive relief, monetary relief, and other relief against all entities in this litigation.

The Attorney General may provide attorneys and other staff members to assist Contractor with this litigation. The identity and responsibilities of such personnel so assigned shall be determined solely by the Attorney General. All substantive pleadings, motions, briefs, formal documents, and agreements should bear the signature of the Attorney General or his designated assistant.

Contractor shall coordinate the provision of the legal services with the Attorney General or his designated assistant, other personnel of the Office of the Attorney General, and such others as the Attorney General may appoint as Contractor. All substantive pleadings, motions, briefs, and other material which may be filed with the court shall first be approved by the Attorney General and provided to his office in draft form in a reasonable and timely manner for review. Regular status meetings may be held as requested by the Attorney General.

Contractor shall communicate with state entities through the Office of the Attorney General unless otherwise authorized by the Attorney General designee and Merck can contact the Office of the Attorney General or his designee at any time.

Contractor shall provide sufficient resources, including attorney time, to prosecute this litigation in accordance with the Kentucky Rules of Professional Conduct, Supreme Court Rule 3.130.

Contractor will render services pursuant to this Agreement as an independent contractor. Neither Contractor nor any employee of Contractor shall be regarded as employed by, or as an employee of, the Attorney General or the State of Kentucky.

An attorney-client relationship shall exist between the Attorney General and Contractor.

The Attorney General may at any time request status reports from Contractor regarding any aspect of this litigation. Within twenty days after the request is received, Contractor shall submit such status reports to the Attorney General. Failure to timely provide such status reports may result in forfeiture of a portion of Contractor's compensation at the sole discretion of the Attorney General.

The Attorney General must approve in advance all aspects of this litigation and shall be included in any settlement discussions. Contractor agrees that any settlement in this case must receive the Attorney General's express prior approval in writing. Contractor shall confer with the Attorney General as early as practicable in any settlement negotiation process.

The parties agree that neither Contractor nor any partner, associate, employee, or any other person

assisting with the legal work contemplated by this Agreement shall speak to any representative of a television station, radio station, newspaper, magazine, or any other media outlet concerning the work outlined or contemplated by this Agreement without first obtaining approval of the Attorney General. This Agreement specifically prohibits Contractor from speaking on behalf of the Attorney General or the State of Kentucky to any representative of the news media.

Legal services will include, but may not be limited to:

Performing an assessment of the OAG's proposed litigation against **Merck & Co. Inc.**

Assuming lead role in investigating and, if warranted, preparing litigation against Merck & Co. Inc. and other potentially responsible entities, if any. Contractor will conduct all phases of investigation and litigation including responding to motions, including motions to dismiss; Contractor may retain local counsel if needed with the approval of the OAG; drafting and answering discovery propounded to the Commonwealth; tracking documents obtained in discovery; coordinate litigation with other states and the federal government to promote, to the extent beneficial, a unified approach to these cases; taking of depositions; defending depositions noticed by the defendants; preparing Commonwealth witnesses for depositions; responding to motions for summary judgment or other pretrial dispositive motions; identification of experts to testify in favor of the Commonwealth; preparation of expert witnesses for deposition or trial testimony; assessing the strength of legal arguments propounded by the litigants; preparation of legal arguments on motions; dealing with discovery disputes; represent the Commonwealth in trial or in any settlement negotiations that may occur; represent the Commonwealth in responding to post-trial motions; represent the Commonwealth in the appeal of any judgment or verdict rendered in any such action(s) and, if applicable, the remand from appeal(s).

Preserving and making available to the Office all pertinent records. When the contract is completed or if the contract is completely or partially terminated for whatever reason, all records relating to the work shall be preserved and made available to the Office for a period of at least five (5) years from the date of final statement or until the litigation is completed, whichever occurs last.

Warranting that any representations made by them in the proposed agreement are true and accurate; that the Contractor is in all ways in compliance with state and federal laws which may govern the subject matter of this Agreement; and that the party executing this Agreement on the Contractor's behalf is duly authorized to do so.

Shall not have any interest, direct or indirect, which would conflict in any manner or degree with the performance of its services hereunder.

Shall use software compatible with the Office including Summation or Concordance and Microsoft Office.

Shall provide detailed information regarding hours worked, services performed and costs incurred in said litigation on a quarterly basis and upon request.

## II. Contract Components and Order of Precedence

The Commonwealth's acceptance of the Contractor's offer in response to the Solicitation, indicated by the issuance of a Contract Award shall create a valid Contract between the Parties consisting of the following:

> Any written Agreement between the Parties;
> Any Addenda to the Solicitation;
> The Solicitation and all attachments thereto; including PSC Standard Terms and Conditions;
> Any Best and Final Offer;
> Any clarifications concerning the Contractor's proposal in response to the Solicitation;
> The Contractor's proposal in response to the Solicitation.

In the event of any conflict between or among the provisions contained in the Contract, the order of precedence shall be as enumerated above.

## III. Negotiated Items
N/A

## IV. Pricing
**Contractor has agreed to a payment of 18% of gross receipts from any successful settlement obtained from these litigations as legal fees. Expenses, including approved travel expenses incurred will also be paid from the proceeds of any settlement consistent with the terms of the cost proposal dated August 5, 2010.**

## V. Personal Service Contract Standard Terms and Conditions

**Whereas,** the first party, the state agency, has concluded that either state personnel are not available to perform said function, or it would not be feasible to utilize state personnel to perform said function; and **Whereas,** the second party, the contractor, is available and qualified to perform such function; and **Whereas,** for the abovementioned reasons, the state agency desires to avail itself of the services of the second party;

**NOW THEREFORE**, the following terms and conditions are applicable to this contract:

### 010.00   Effective Date:
This agreement is not effective until the Secretary of the Finance and Administration Cabinet or his authorized designee has approved the contract and until the contract has been submitted to the Legislative Research Commission, Government Contract Review Committee ("LRC").

Payments on personal service contracts and memoranda of agreement shall not be authorized for services rendered after government contract review committee disapproval, unless the decision of the committee is overridden by the Secretary of the Finance and Administration Cabinet or agency head, if the agency has been granted delegation authority by the Secretary.

### 010.05   Renewals:
Upon expiration of the initial term, the contract may be renewed in accordance with the terms and conditions in the original solicitation. Renewal shall be subject to prior approval from the Secretary of the Finance and Administration Cabinet or his authorized designee and the LRC Government Contract Review Committee in accordance with KRS 45A.695 and KRS 45A.705, and contingent upon available funding.

### 010.10   LRC Policies:
Pursuant to KRS 45A.725, LRC has established policies which govern rates payable for certain professional services. These are located on the LRC webpage ( http://www.lrc.ky.gov/Statcomm/Contracts/homepage.htm) and would impact any contract established under KRS 45A.690 et seq., where applicable.

### 010.15   Choice of Law and Forum:
All questions as to the execution, validity, interpretation, construction and performance of this agreement shall be governed by the laws of the Commonwealth of Kentucky. Furthermore, the parties hereto agree that any legal action which is brought on the basis of this agreement shall be filed in the Franklin County Circuit Court of the Commonwealth of Kentucky.

### 010.20   Cancellation:
The state agency shall have the right to terminate and cancel this agreement at any time not to exceed thirty (30) days' written notice served on the contractor by registered or certified mail.

### 010.25   Funding Out Provision:
The state agency may terminate this contract if funds are not appropriated to the contracting agency or are not otherwise available for the purpose of making payments without incurring any obligation for payment after the date of termination, regardless of the terms of the contract. The state agency shall provide the contractor thirty (30) calendar days written notice of termination of the contract.

### 010.30   Reduction in Contract Worker Hours
The Kentucky General Assembly may allow for a reduction in contract worker hours in conjunction with a budget balancing measure for some professional and non-professional service contracts. If under such authority the agency is required by Executive Order or otherwise to reduce contract hours, the contract will be reduced by the amount specified in that document.

### 010.35   Authorized to do Business in Kentucky:
The contractor affirms that it is properly authorized under the laws of the Commonwealth of Kentucky to conduct business in this state and will remain in good standing to do business in the Commonwealth of Kentucky for the duration of any contract awarded.

The Contractor shall maintain certification of authority to conduct business in the Commonwealth of Kentucky during the term of this Contract. Such registration is obtained from the Secretary of State, who will also provide the certification thereof.

### 010.40   Registration with the Secretary of State by a Foreign Entity.

Pursuant to KRS 45A.480(1)(b), an agency, department, office, or political subdivision of the Commonwealth of Kentucky shall not award a state contract to a person that is a foreign entity required by KRS 14A.9-010 to obtain a certificate of authority to transact business in the Commonwealth ("certificate") from the Secretary of State under KRS 14A.9-030 unless the person produces the certificate within fourteen (14) days of the bid or proposal opening. Therefore, foreign entities should submit a copy of their certificate with their solicitation response. If the foreign entity is not required to obtain a certificate as provided in KRS 14A.9-010, the foreign entity should identify the applicable exception in its solicitation response. Foreign entity is defined within KRS 14A.1-070.

**For all foreign entities required to obtain a certificate of authority to transact business in the Commonwealth, if a copy of the certificate is not received by the contracting agency within the time frame identified above, the foreign entity's solicitation response shall be deemed non-responsive or the awarded contract shall be cancelled.**

Businesses can register with the Secretary of State at https://secure.kentucky.gov/sos/ftbr/welcome.aspx

### 010.45  Invoices for fees:
The contractor shall maintain supporting documents to substantiate invoices and shall furnish same if required by state government.

**Pursuant to KRS 45A.695, no payment shall be made on any personal service contract unless the individual, firm, partnership, or corporation awarded the personal service contract submits its invoice for payment on a form established by the committee.**

*Invoice form is available on the Legislative Research Commission, Government Contract Review Committee website: http://www.lrc.ky.gov/Statcomm/Contracts/homepage.htm

### 010.50  Travel expenses, if authorized:
The contractor shall be paid for no travel expenses unless and except as specifically authorized by the specifications of the contract.

### 010.55  Other expenses, if authorized herein:
The contractor shall be reimbursed for no other expenses of any kind, unless and except as specifically authorized within the specifications of the contract.

If the reimbursement of such expenses is authorized, the reimbursement shall be only on an out-of-pocket basis. Request for payment of same shall be processed upon receipt from the contractor of valid, itemized statements submitted periodically for payment at the time any fees are due. The contractor shall maintain supporting documents that substantiate every claim for expenses and shall furnish same if requested by state government.

> Invoicing for fee: the contractor's fee shall be original invoice(s) and shall be documented by the contractor. The invoice(s) must conform to the method described in the specifications of the contract.
> Invoicing for travel expenses: the contractor must follow instructions described in the specifications of the contract. Either original or certified copies of receipts must be submitted for airline tickets, motel bills, restaurant charges, rental car charges, and any other miscellaneous

expenses.
Invoicing for miscellaneous expenses: the contractor must follow instructions prescribed in the specifications of the contract. Expenses submitted shall be documented by original or certified copies.

### 010.60  Purchasing and specifications:
The contractor certifies that he will not attempt in any manner to influence any specifications to be restrictive in any way or respect nor will he attempt in any way to influence any purchasing of services, commodities or equipment by the Commonwealth of Kentucky. For the purpose of this paragraph and the following paragraph that pertains to conflict-of interest laws and principles, "he" is construed to mean "they" if more than one person is involved and if a firm, partnership, corporation, or other organization is involved, then "he" is construed to mean any person with an interest therein.

### 010.65  Conflict-of-interest laws and principles:
The contractor certifies that he is legally entitled to enter into this contract with the Commonwealth of Kentucky, and by holding and performing this contract will not be violating either any conflict of interest statute (KRS 45A.330-45A.340, 45A.990, 164.390), or KRS 11A.040 of the executive branch code of ethics, relating to the employment of former public servants.

### 010.70  Campaign finance:
The contractor certifies that neither he/she nor any member of his/her immediate family having an interest of 10% or more in any business entity involved in the performance of this contract, has contributed more than the amount specified in KRS 121.056(2), to the campaign of the gubernatorial candidate elected at the election last preceding the date of this contract. The contractor further swears under the penalty of perjury, as provided by KRS 523.020, that neither he/she nor the company which he/she represents, has knowingly violated any provisions of the campaign finance laws of the Commonwealth, and that the award of a contract to him/her or the company which he/she represents will not violate any provisions of the campaign finance laws of the Commonwealth.

### 010.75  Access to Records:
The contractor, as defined in KRS 45A.030 (9) agrees that the contracting agency, the Finance and Administration Cabinet, the Auditor of Public Accounts, and the Legislative Research Commission, or their duly authorized representatives, shall have access to any books, documents, papers, records, or other evidence, which are directly pertinent to this contract for the purpose of financial audit or program review. Records and other prequalification information confidentially disclosed as part of the bid process shall not be deemed as directly pertinent to the contract and shall be exempt from disclosure as provided in KRS 61.878(1)(c). The contractor also recognizes that any books, documents, papers, records, or other evidence, received during a financial audit or program review shall be subject to the Kentucky Open Records Act, KRS 61.870 to 61.884.

In the event of a dispute between the contractor and the contracting agency, Attorney General, or the Auditor of Public Accounts over documents that are eligible for production and review, the Finance and Administration Cabinet shall review the dispute and issue a determination, in accordance with Secretary's Order 11-004. (See attachment)

### 010.80  Protest

Pursuant to KRS 45A.285, The Secretary of the Finance and Administration Cabinet, or his designee, shall have authority to determine protests and other controversies of actual or prospective Vendors in connection with the solicitation or selection for award of a Master Agreement or Contract.

Any actual or prospective Vendor, who is aggrieved in connection with the solicitation or selection for award of a Master Agreement or Contract, may file protest with the Secretary of the Finance and Administration Cabinet. A protest or notice of other controversy must be filed promptly and in any event within two (2) calendar weeks after such aggrieved person knows or should have known of the facts giving rise thereto. All protests or notices of other controversies must be in writing and shall be addressed to:

**Lori H. Flanery, Secretary**
Commonwealth of Kentucky
Finance and Administration Cabinet
Room 383, New Capitol Annex
702 Capitol Avenue
Frankfort, KY 40601
Phone #: (502) 564-4240
Fax #: (502) 564-6785

The Secretary of Finance and Administration Cabinet shall promptly issue a decision in writing. A copy of that decision shall be mailed or otherwise furnished to the aggrieved party and shall state the reasons for the action taken.

The decision by the Secretary of the Finance and Administration Cabinet shall be final and conclusive.

**010.85    Social security: (check one)**

   **X**     the parties are cognizant that the state is not liable for social security contributions pursuant to 42 U.S. Code, section 418, relative to the compensation of the second party for this contract.

   _____    the parties are cognizant that the state is liable for social security contributions pursuant to 42 U.S. Code, section 418, relative to the compensation of the second party for this contract.

**010.90    Violation of tax and employment laws:**
KRS 45A.485 requires the contractor to reveal to the Commonwealth, prior to the award of a contract, any final determination of a violation by the contractor within the previous five (5) year period of the provisions of KRS chapters 136, 139, 141, 337, 338, 341, and 342. These statutes relate to the state sales and use tax, corporate and utility tax, income tax, wages and hours laws, occupational safety and health laws, unemployment insurance laws, and workers compensation insurance laws, respectively.

To comply with the provisions of KRS 45A.485, the contractor shall report any such final determination(s) of violation(s) to the Commonwealth by providing the following information regarding the final determination(s): the KRS violated, the date of the final determination, and the state agency which issued the final determination.

KRS 45A.485 also provides that, for the duration of any contract, the contractor shall be in continuous

compliance with the provisions of those statutes which apply to the contractor's operations, and that the contractor's failure to reveal a final determination as described above or failure to comply with the above statutes for the duration of the contract, shall be grounds for the Commonwealth's cancellation of the contract and the contractor's disqualification from eligibility for future state contracts for a period of two (2) years.

Contractor must check one:

__X__ The contractor has not violated any of the provisions of the above statutes within the previous five (5) year period.

_____ the contractor has violated the provisions of one or more of the above statutes within the previous five (5) year period and has revealed such final determination(s) of violation(s). A list of such determination(s) is attached.

**010.95 Discrimination:**
Discrimination (because of race, religion, color, national origin, sex, age, or disability) prohibited. This section applies only to contracts utilizing federal funds, in whole or in part. During the performance of this contract, the contractor agrees as follows:

The contractor will not discriminate against any employee or applicant for employment because of race, religion, color, national origin, sex or age. The contractor further agrees to comply with the provisions of the Americans with Disabilities Act (ADA), Public Law 101-336, and applicable federal regulations relating thereto prohibiting discrimination against otherwise qualified disabled individuals under any program or activity. The contractor agrees to provide, upon request, needed reasonable accommodations. The contractor will take affirmative action to ensure that applicants are employed and that employees are treated during employment without regard to their race, religion, color, national origin, sex, age or disability. Such action shall include, but not be limited to the following; employment, upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensations; and selection for training, including apprenticeship. The contractor agrees to post in conspicuous places, available to employees and applicants for employment, notices setting forth the provisions of this non-discrimination clause.

The contractor will, in all solicitations or advertisements for employees placed by or on behalf of the contractor, state that all qualified applicants will receive consideration for employment without regard to race, religion, color, national origin, sex, age or disability.

The contractor will send to each labor union or representative of workers with which he has a collective bargaining agreement or other contract or understanding, a notice advising the said labor union or workers' representative of the contractor's commitments under this section, and shall post copies of the notice in conspicuous places available to employees and applicants for employment. The contractor will take such action with respect to any subcontract or purchase order as the administering agency may direct as a means of enforcing such provisions, including sanctions for noncompliance.

The contractor will comply with all provisions of Executive Order No. 11246 of September 24, 1965 as amended, and of the rules, regulations and relevant orders of the Secretary of Labor.

The contractor will furnish all information and reports required by Executive Order No. 11246 of

September 24, 1965, as amended, and by the rules, regulations and orders of the Secretary of Labor, or pursuant thereto, and will permit access to his books, records and accounts by the administering agency and the Secretary of Labor for purposes of investigation to ascertain compliance with such rules, regulations and orders.

In the event of the contractor's noncompliance with the nondiscrimination clauses of this contract or with any of the said rules, regulations or orders, this contract may be cancelled, terminated or suspended in whole or in part and the contractor may be declared ineligible for further government contracts or federally-assisted construction contracts in accordance with procedures authorized in Executive Order No. 11246 of September 24, 1965, as amended, and such other sanctions may be imposed and remedies invoked as provided in or as otherwise provided by law.

The contractor will include the provisions of paragraphs (1) through (7) of section 202 of Executive Order 11246 in every subcontract or purchase order unless exempted by rules, regulations or orders of the Secretary of Labor, issued pursuant to section 204 of Executive Order No. 11246 of September 24, 1965, as amended, so that such provisions will be binding upon each subcontractor or vendor. The contractor will take such action with respect to any subcontract or purchase order as the administering agency may direct as a means of enforcing such provisions including sanctions for noncompliance; provided, however, that in the event a contractor becomes involved in, or is threatened with, litigation with a subcontractor or vendor as a result of such direction by the agency, the contractor may request the United States to enter into such litigation to protect the interests of the United States.

## VI. Approvals

This contract is subject to the terms and conditions as stated. By affixing signatures below, the parties agree that electronic approvals may serve as electronic signatures. In addition, the parties verify that they are authorized to bind this agreement between parties and that they accept the terms of the agreement.

1st Party:

_Carla Y. Vinegar_     _Executive Director_
Signature / Title

_Carla Y. Vinegar_     _11-27-12_
Printed Name / Date

2nd Party:

_____ _ATTORNEY_
Signature / Title

_WILLIAM R GARMER_   _11/26/12_
Printed Name        Date

Approved as to form and legality:

_Ryan Halloran_
Ass't Attorney General

**Attachment A**

## SECRETARY'S ORDER 11-004

### FINANCE AND ADMINISTRATION CABINET

### Vendor Document Disclosure

**WHEREAS,** in order to promote accountability and transparency in governmental operations, the Finance and Administration Cabinet believes that a mechanism should be created which would provide for review and assistance to an Executive Branch agency if said agency cannot obtain access to documents that it deems necessary to conduct a review of the records of a private vendor that holds a contract to provide goods and/or services to the Commonwealth; and

**WHEREAS,** in order to promote accountability and transparency in governmental operations, the Finance and Administration Cabinet believes that a mechanism should be created which would provide for review and assistance to an Executive Branch agency if said agency cannot obtain access to documents that it deems necessary during the course of an audit, investigation or any other inquiry by an Executive Branch agency that involves the review of documents; and

**WHEREAS,** KRS 42.014 and KRS 12.270 authorizes the Secretary of the Finance and Administration Cabinet to establish the internal organization and assignment of functions which are not established by statute relating to the Finance and Administration Cabinet; further, KRS Chapter 45A.050 and 45A.230 authorizes the Secretary of the Finance and Administration Cabinet to procure, manage and control all supplies and services that are procured by the Commonwealth and to intervene in controversies among vendors and state agencies; and

**NOW, THEREFORE,** pursuant to the authority vested in me by KRS 42.014, KRS 12.270, KRS 45A.050, and 45A.230, I, Lori H. Flanery, Secretary of the Finance and Administration Cabinet, do hereby order and direct the following:

> Upon the request of an Executive Branch agency, the Finance and Administration Cabinet ("FAC") shall formally review any dispute arising where the agency has requested documents from a private vendor that holds a state contract and the vendor has refused access to said documents under a claim that said documents are not directly

pertinent or relevant to the agency's inquiry upon which the document request was predicated.

Upon the request of an Executive Branch agency, the FAC shall formally review any situation where the agency has requested documents that the agency deems necessary to conduct audits, investigations or any other formal inquiry where a dispute has arisen as to what documents are necessary to conclude the inquiry.

Upon receipt of a request by a state agency pursuant to Sections I & II, the FAC shall consider the request from the Executive Branch agency and the position of the vendor or party opposing the disclosure of the documents, applying any and all relevant law to the facts and circumstances of the matter in controversy. After FAC's review is complete, FAC shall issue a Determination which sets out FAC's position as to what documents and/or records, if any, should be disclosed to the requesting agency. The Determination shall be issued within 30 days of receipt of the request from the agency. This time period may be extended for good cause.

If the Determination concludes that documents are being wrongfully withheld by the private vendor or other party opposing the disclosure from the state agency, the private vendor shall immediately comply with the FAC's Determination. Should the private vendor or other party refuse to comply with FAC's Determination, then the FAC, in concert with the requesting agency, shall effectuate any and all options that it possesses to obtain the documents in question, including, but not limited to, jointly initiating an action in the appropriate court for relief.

Any provisions of any prior Order that conflicts with the provisions of this Order shall be deemed null and void.

## REQUIRED AFFIDAVIT FOR BIDDERS, OFFERORS AND CONTRACTORS   PAGE 1 OF 2

### FOR BIDS AND CONTRACTS IN GENERAL:

Each bidder or offeror swears and affirms under penalty of perjury, that:

In accordance with KRS 45A.110 and KRS 45A.115, neither the bidder or offeror as defined in KRS 45A.070(6), nor the entity which he/she represents, has knowingly violated any provisions of the campaign finance laws of the Commonwealth of Kentucky; and the award of a contract to the bidder or offeror or the entity which he/she represents will not violate any provisions of the campaign finance laws of the Commonwealth.

The bidder or offeror swears and affirms under penalty of perjury that, to the extent required by Kentucky law, the entity bidding, and all subcontractors therein, are aware of the requirements and penalties outlined in KRS 45A.485; have properly disclosed all information required by this statute; and will continue to comply with such requirements for the duration of any contract awarded.

The bidder or offeror swears and affirms under penalty of perjury that, to the extent required by Kentucky law, the entity bidding, and its affiliates, are duly registered with the Kentucky Department of Revenue to collect and remit the sales and use tax imposed by KRS Chapter 139, and will remain registered for the duration of any contract awarded.

The bidder or offeror swears and affirms under penalty of perjury that the entity bidding is not delinquent on any state taxes or fees owed to the Commonwealth of Kentucky and will remain in good standing for the duration of any contract awarded.

### FOR "NON-BID" CONTRACTS (I.E. SOLE-SOURCE; NOT-PRACTICAL OR FEASIBLE TO BID; OR EMERGENCY CONTRACTS, ETC):

Each contractor further swears and affirms under penalty of perjury, that:

In accordance with KRS 121.056, and if this is a non-bid contract, neither the contractor, nor any member of his/her immediate family having an interest of 10% or more in any business entity involved in the performance of any contract awarded, have contributed more than the amount specified in KRS 121.150 to the campaign of the gubernatorial slate elected in the election last preceding the date of contract award.

In accordance with KRS 121.330(1) and (2), and if this is a non-bid contract, neither the contractor, nor officers or employees of the contractor or any entity affiliated with the

contractor, nor the spouses of officers or employees of the contractor or any entity affiliated with the contractor, have knowingly contributed more than $5,000 in aggregate to the campaign of a candidate elected in the election last preceding the date of contract award that has jurisdiction over this contract award.

## REQUIRED AFFIDAVIT FOR BIDDERS, OFFERORS AND CONTRACTORS    PAGE 2 OF 2

In accordance with KRS 121.330(3) and (4), and if this is a non-bid contract, neither the contractor, nor any member of his/her immediate family, his/her employer, or his/her employees, or any entity affiliated with any of these entities or individuals, have directly solicited contributions in excess of $30,000 in the aggregate for the campaign of a candidate elected in the election last preceding the date of contract award that has jurisdiction over this contract.

As a duly authorized representative for the bidder, offeror, or contractor, I have fully informed myself regarding the accuracy of all statements made in this affidavit, and acknowledge that the Commonwealth is reasonably relying upon these statements, in making a decision for contract award and any failure to accurately disclose such information may result in contract termination, repayment of funds and other available remedies under law.

Signature: [signed]
Title: MANAGING ATTORNEY

Printed Name: WILLIAM R GARMER
Date: 7/23/12

Company Name / Address: GARMER + PRATHER LLC
141 N BROADWAY
LEXINGTON, KY 40507

Subscribed and sworn to before me by William R. Garmer (Affiant), Managing Attorney (Title) of Garmer & Prather LLC (Company Name) this 23rd day of July, 20 12.

Notary Public: [signed] Erma J. Wise   ID # 445842
[seal of notary]

My commission expires: 7-3-2012